**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ROBERT TREVOR DOWDLE,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING MOTION TO DISMISS**<br><br>Case No. 2:24-cv-785-HCN-CMR<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On July 30, 2025, Chief Magistrate Judge Romero entered a Report and Recommendation proposing that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction be granted. *See* Dkt. No. 22. The Report and Recommendation further provided that Mr. Dowdle "may serve and file written objections" "[w]ithin fourteen (14) days" and that "[f]ailure to object may constitute a waiver." *Id*. at 6. On August 11, 2025, Mr. Dowdle filed his Objection to the Report and Recommendation. Dkt. No. 23. The court entered a docket text order overruling Mr. Dowdle's objections, adopting the Report and Recommendation, and granting the Government's motion to dismiss. *See* Dkt. No. 27.

After the court entered judgment for the Government and against Mr. Dowdle, *see* Dkt. No. 28, Mr. Dowdle then filed Docket Number 29, Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). Having carefully considered Mr. Dowdle's motion, the court withdraws its previous docket text order and replaces it with this memorandum decision and order more fully explaining its reasons for overruling Mr. Dowdle's objections, granting the Government's motion to dismiss, and entering judgment for the Government and against Mr. Dowdle.

The court has carefully reviewed the Report and Recommendation, Mr. Dowdle's objections, and the relevant briefing. And it concludes that Mr. Dowdle's objections are not well taken. The court instead agrees with and adopts Chief Magistrate Judge Romero's recommendation that Mr. Dowdle's claim under the Federal Tort Claims Act (FTCA) be dismissed for lack of subject matter jurisdiction and that his Motion for Leave to File Amended Complaint be denied because the proposed amendments are futile.

Although Mr. Dowdle's objections are not stated clearly, the court discerns the following five objections that do not introduce new issues or arguments and, thus, are not waived for purposes of review. *See Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1031–32 (10th Cir. 2001). Except to the extent these objections are waived for other reasons explained below, the court reviews these objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

First, Mr. Dowdle generally objects that "[t]he R&R errs in concluding that all causes of action are 'entirely' dependent on federal duties." Dkt No. 23 at 1. But despite stating this

objection generally, Mr. Dowdle identifies only one example of this supposed error: that "[t]he R&R treats Count IV as if it stands alone and rests solely on federal obligations, yet Count IV expressly 'incorporates by reference all preceding paragraphs' of the complaint," which "contain Plaintiff's Utah-law claims, state-law elements, and supporting facts." *Id.*

Objections to an R&R must be specific. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); Fed. R. Civ. P. 72(b)(2). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If an objection is overly broad, it is waived. *One Parcel of Real Prop.*, 73 F.3d at 1060; *Collins v. Colvin*, 640 Fed. App'x 698, 700 (10th Cir. 2016). Here, Mr. Dowdle makes the blanket objection that "[t]he R&R errs in concluding that all causes of action are 'entirely' dependent on federal duties" Dkt. No. 23 at 1. This blanket objection is too broad to preserve any arguments for review. To the extent that Mr. Dowdle purports to call the court's attention to any particular part of the R&R, it is to a part that does not exist. Mr. Dowdle proffers as a "a clear example" of this purported error the assertion that the "R&R treats Count IV as if it stands alone and rests solely on federal obligations." Dkt. No. 23 at 1. Mr. Dowdle argues that Count IV does not rest solely on federal obligations, however, because it "expressly incorporates by reference all preceding paragraphs of the complaint," and that "[t]hose preceding paragraphs contain Plaintiff's Utah-law claims, state-law elements, and supporting facts." *Id*. (cleaned up). The R&R, however, contains no specific discussion of Count IV. Mr. Dowdle offers no other examples of this purported error.

Second, Mr. Dowdle objects that “[f]ederal regulations inform the standard of care in these state tort claims without rendering them non-actionable under the FTCA” and that “the Amended Complaint addresses FTCA exceptions, asserting that VA duties are non-delegable and the assumption process involves inherently dangerous imbalances warranting liability.” Dkt. No. 23 at 1–2. But Mr. Dowdle fails to identify a state law analog, which is fatal to his claim. *See Mecca v. United States*, 389 F. App’x 775, 779 (10th Cir. 2010). Mr. Dowdle also fails to explain the relevance of the VA’s non-delegable duties and cites no state law supporting his reference to “inherently dangerous imbalances warranting liability.”

Third, Mr. Dowdle objects that “Utah courts have long recognized that a duty may arise where a party undertakes to act and thereby assumes responsibility toward another.” Dkt. No. 23 at 2. Mr. Dowdle cites three main authorities for this proposition, but none establishes a duty here. The language Mr. Dowdle purports to quote from *Webb v. University of Utah* cannot be found in that case, which concerned the liability of a government, not an individual in all events. *See* 125 P.3d 906, 908 (Utah 2005), *overruled by Cope v. Utah Valley State Coll.*, 342 P.3d 243 (Utah 2014). Restatement (Second) of Torts § 323 (1965) which *MacGregor v. Walker*, 322 P.3d 706 (Utah 2014) echoes, contemplates liability only for “physical harm,” while Mr. Dowdle’s alleges only economic harm here. And in *Yazd v. Woodside Homes Corp.*, the Utah Supreme Court acknowledged that its recognition of a builder-contractor’s duty toward a home buyer was “the product of policy judgments.” 143 P.3d 283, 286 (Utah 2006). As a federal court sitting in diversity, this court will not be the first to chart a path where the state courts have not gone and seem unlikely to go.

Fourth, Mr. Dowdle argues that he "pled facts demonstrating the existence of a special relationship grounded in Defendant's exclusive control over the loan assumption process and Plaintiff's justified reliance on Defendant's agents." Dkt. No. 23 at 3. But Mr. Dowdle has not alleged facts that meet the test for a fiduciary or confidential relationship as articulated in *First Security Bank of Utah N.A. v. Banberry Development Corp.* In particular, he has not alleged any "property, interest or authority" that he has "placed in the charge of" the United States. 786 P.2d 1326, 1333 (Utah 1990). Additionally, he has not alleged any "continuous trust" that he has placed in the United States. *Id.* Furthermore, although Mr. Dowdle invokes *Ramos v. Countrywide Bank, FSB*, that case does not appear to "not[e] potential duties from dependence," as Mr. Dowdle claims. Dkt. No. 23 at 4. Instead, the court there found no duty that would give rise to a negligence claim. In fact, citing *Banberry*, among other cases, the court in *Ramos* notes that "in Utah generally no fiduciary relationship exists between a bank and its customer or a lender and a borrower." 2009 WL 3584327, at *5 (D. Utah Oct. 26, 2009) (footnote omitted).

Fifth, Mr. Dowdle objects that he "identifies repeated misstatements and omissions by the United States and its agents, including the false assertion that no appeal was available and the failure to disclose Plaintiff's appeal rights" and that "[t]hese allegations meet Utah's standard for negligent misrepresentation." Dkt. No. 23 at 4. But Mr. Dowdle's proposed negligent representation claim fails because the FTCA does not waive sovereign immunity for claims "arising out of . . . misrepresentation." 28 U.S.C. § 2680(h); *see also Kikumura v. Osagie*, 461 F.3d 1269, 1299 (10th Cir. 2006).

Based on its *de novo* review, the court accordingly rejects all of these objections. As for the portions of the Report and Recommendation to which Mr. Dowdle has not properly objected, the court cannot say, based on its review, that Magistrate Judge Romero's analysis or conclusions constitute plain error. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005). The court accordingly OVERRULES Plaintiff's Objection to the Report and Recommendation and ADOPTS the Report and Recommendation. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is GRANTED, and Plaintiff's Motion for Leave to File Amended Complaint is DENIED. Plaintiff's Motion to Alter or Amend Order (Judgment) is GRANTED, to the extent that the court is replacing its initial docket text order with this memorandum decision and order elaborating on its reasoning. Plaintiff's Motion to Alter or Amend Order (Judgment) is DENIED in all other respects.

**IT IS SO ORDERED.**

DATED this 30th day of September, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge